## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| HARVEY BEETHOVEN SEAY, JR. | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CA 21-0435-JB-MU |
| | ) | |
| NOAH TREY OLIVER PRICE, III, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Harvey Beethoven Seay, Jr., a state pretrial detainee housed in the Mobile County Metro Jail, has filed a second petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 (Doc. 1)[1] and a motion to proceed without prepayment of fees (Doc. 2). This matter has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R).  Seay's petition should be **DISMISSED** without prejudice, prior to service, to afford him an opportunity to exhaust all available state remedies as to his claims that he has been denied a reasonable bond and a fast and speedy trial and an opportunity to refile his complaint concerning the conditions of confinement, which should have been brought pursuant to § 1983, on the appropriate Court form, if he desires to pursue those claims.[2]

## FACTS AND PROCEEDINGS

---

[1] Petitioner filed a § 2241 habeas petition in this Court in October of 2020 that was dismissed without prejudice for failure to exhaust his state court remedies on January 6, 2021. *See Seay v. Price,* Civ. A. No. 20-0515-JB-MU (S.D. Ala. 2021).

[2] In light of the contents of this report and recommendation, Seay's motion to proceed without prepayment of fees (Doc. 2) is **DENIED AS MOOT.**

According to the allegations contained in the petition, Seay was arrested on January 11, 2020, and incarcerated in the Mobile County Metro Jail. (Doc. 1 at pp. 1,6). Bond was set at $30,000, and several requests for a bond reduction were denied. (*Id.*). Seay alleges that he filed a state habeas corpus and/or writ of prohibition petition raising the issues raised in the instant petition with the Alabama Court of Criminal Appeals on March 14, 2021, and that the petition was denied on September 8, 2021. (*Id.* at p. 2). He then apparently filed a motion for reconsideration on September 14, 2021, with the Alabama Court of Criminal Appeals, which he alleges has also been denied. (*Id.* at p. 3). In the instant petition, Seay makes three claims: (1) he has been denied a reasonable bond and twice denied a bond reduction hearing in violation of the Equal Protection Clause; (2) he has been denied the right to a fast and speedy trial; and (3) he is being held in overcrowded, violent conditions and has experienced continued exposure to Covid-19. (*Id.* at pp. 6-7).

## **CONCLUSIONS OF LAW**

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Sec'y for the Dep't of Corr.,* 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that "the district court possessed the discretion to raise *sua sponte* the timeliness issue"); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) (holding that "[e]ven though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case"). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. foll. § 2254, Rule 4.

Provided two requirements are satisfied, a state pretrial detainee, like Seay, can raise constitutional claims in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *See, e.g., Robinson v. Hughes,* 2012 WL 255759, *2 (M.D. Ala. Jan. 5, 2012), *report and recommendation adopted*, 2012 WL 253975 (M.D. Ala. Jan. 27, 2012). First, the petitioner must be "in custody," albeit "not pursuant to the final judgment of a state court[,]" *id*. (citing *Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987)); 28 U.S.C. § 2241(c), and, second, he "must have exhausted his available state remedies." *Id*.; *see Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 488-489 & n.4 (1973) (finding petitioner had satisfied § 2241(c)(3)'s "in custody" requirement and that he had exhausted "all available state remedies as a prelude to this action.").

Here, Seay is incarcerated in the Mobile County Metro Jail awaiting trial on unknown charges arising in Mobile County, Alabama. Therefore, he satisfies the "in custody" requirement for purposes of § 2241.

Turning to the second requirement, the United States Supreme Court in *Braden,* certainly gave every indication that a petitioner must exhaust all available state remedies under an action brought pursuant to § 2241. *See* 410 U.S. at 485-489. "Although the statutory language of 28 U.S.C. § 2241 itself does not contain an exhaustion requirement, this circuit has determined that the requirements of 28 U.S.C. § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, i.e., those who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Robinson, supra,* at *2 n.3

3

(citations omitted); *see also Skaggs v. Morgan,* 2012 WL 684801, \*3 (N.D. Fla. Jan. 31, 2012) ("Despite the absence of an exhaustion requirement in the statutory language of § 2241(c)(3), a body of case law has developed holding that although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."), *report and recommendation adopted,* 2012 WL 684766 (N.D. Fla. Mar. 2, 2012).

A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state [petitioners] give state courts a *fair* opportunity to act on their claims." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845; *see Heck v. Humphrey*, 512 U.S. 477, 480-481 (1994) ("The federal habeas corpus statute . . . requires that state [petitioners] first seek redress in a state forum."); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973) ("If . . . habeas corpus is the exclusive federal remedy . . ., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate."). A habeas claim is deemed to be exhausted when "it is fair

to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the **state's highest court**. *See id*. (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'" *Id*. (citation omitted).

If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8 (1982). Every claim raised in the petition must be exhausted to the state's highest court, and ***it is the petitioner's burden to show that all claims have been fairly presented to that court.*** *See Rose v. Lundy*, 455 U.S. 509, 520 (1982) ("[O]ur interpretation of § 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.").

In this case, Seay has not shown that he has exhausted his claims in the Alabama Supreme Court, nor has he established any basis for this Court to excuse the exhaustion requirement. He states that he filed a state habeas corpus petition and a motion for reconsideration in the Alabama Court of Criminal Appeals, but he has not alleged or shown that he appealed the denial of that petition to the Alabama Supreme Court, which is the highest state court in Alabama. (*See* Doc. 1). Because Seay has failed to show that he exhausted his claims in state court, he is not entitled to relief in this Court pursuant to § 2241.

In addition, the Court notes:

> [U]nder principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts available state remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. Only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. Absent such exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court is not allowed. Federal habeas relief should not be used as a pretrial motion forum for state prisoners.

*Robinson, supra,* at *2 (internal citations, quotation marks and brackets omitted). Seay's allegations do not establish evidence of bad faith prosecution nor do his sparse allegations entitle him to review under the "irreparable injury" exception recognized in *Younger v. Harris,* 401 U.S. 37, 53-54 (1971). *See id.* at *3. Finally, Seay has made no showing that he has no available state corrective process, nor does he present any argument warranting "federal court interference in the normal functioning" of Alabama's criminal processes. *Id*. As noted by the *Robinson* court, the state courts of Alabama offer "adequate and effective state procedures for review of [petitioner]'s constitutional claims either before trial or, in the event [petitioner] is convicted, through appellate and post-conviction proceedings." *Id*. Seay's recourse at this time should be in the Alabama Supreme Court.

Because Seay has not established any reason for this Court to excuse him from the exhaustion requirement, his § 2241 petition is due to be dismissed without prejudice to afford him the opportunity to exhaust **all** available state court remedies before pursuing federal habeas corpus relief.

His condition of confinement claims are also, again, due to be dismissed, without prejudice, because a § 2241 petition is not the appropriate vehicle to present those claims. *See Vaz v. Skinner,* 634 F. App'x 778, 781 (11th Cir. 2015). Those claims are properly brought as a § 1983 action.

## CERTIFICATE OF APPEALABILITY

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). State pretrial detainees, like Seay, "must obtain a COA to appeal the denial of a federal habeas petition filed pursuant to 28 U.S.C. § 2241." *Daker v. Warren,* 2012 WL 2403437, *8 (N.D. Ga. June 25, 2012) (citations omitted); *see also Hiteshaw v. Butterfield,* 262 F. App'x 162, 163 (11th Cir. Jan. 10, 2008) ("Hiteshaw's detention arises out of a state court pre-trial detention order issued after the court found probable cause to believe that Hiteshaw was a sexually violent predator under the Jimmy Ryce Act. Our reasoning in *Medberry* supports that Hiteshaw's detention arises out of process issued by a state court because the detention arose from a state court detention order[; thus, petitioner was required to obtain a COA to appeal.]");[3] *Sawyer v. Holder,* 326 F.3d 1363, 1364 n.3 (11th Cir.) ("[S]tate prisoners proceeding under § 2241 must obtain a COA to appeal."), *cert. denied,* 540 U.S. 900, 124 S.Ct. 258, 157 L.Ed.2d 181 (2003). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as

---

[3] Seay's detention arises out of process issued by an Alabama state court.

7

here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as the petitioner has not exhausted state remedies and has not established any reason for this Court to excuse him from exhaustion of those remedies and has raised improperly raised a condition of confinement claim in a habeas petition, a reasonable jurist could not conclude either that this Court is in error in dismissing Seay's petition, without prejudice, for want of jurisdiction or that Seay should be allowed to proceed further, *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Because a § 2241 petitioner must obtain a COA to appeal, the same as a § 2254 petitioner, the undersigned simply notes that Rule 11(a) of the Rules Governing § 2254 Cases provides for the following procedure: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue."  Accordingly, if there is an objection to this recommendation by Seay, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson*, CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States*, 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted*, 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## <u>CONCLUSION</u>

The undersigned Magistrate Judge recommends that Harvey Beethoven Seay's habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED without prejudice** to afford him an opportunity to exhaust all available state remedies and, as to his condition of confinement claims, an opportunity to refile those claims in a § 1983 complaint.[4] Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ.

---

[4] The Clerk of Court is **DIRECTED** to provide Seay a copy of this Court's § 1983 complaint form, along with a copy of this Report and Recommendation.

P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **7th** day of **October, 2021**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**

10